IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>TERRENCE JOHN MCGOVERN, JR.,<br>    aka "Luigi," aka "Nano,"<br>    Defendant. | CRIM. NO. 16-244 (GAG) |

### REPORT AND RECOMMENDATION

The defendant, Terrence John McGovern, Jr., who pleaded guilty to one count of possession of child pornography back in 2012, and who served a 30-month prison term, is now seeking to reduce his sentence for supervised release from that of a term of life to a term of 5 years. For the reasons espoused more thoroughly below, the Court recommends that defendant's request be **GRANTED**.

### I.    Introduction and Brief Procedural History

On March 27, 2012, the defendant, Terrence John McGovern, Jr. ("McGovern" or the "Defendant"), pleaded guilty in the United States District Court for the Central District of California to Count Two of the Two-Count Indictment, to which he was solely named, which charged him with Possession of Child Pornography, in violation of Title 18, *United States Code*, Section 2252A(a)(5)(B). On October 15, 2012, the Honorable Gary Allen Feess sentenced McGovern to 30 months incarceration, a lifetime of supervised release, a fine of $12,500 and a special monetary assessment of $100.00.

On March 2, 2015, after completing his sentence of incarceration, McGovern was released from custody and immediately began serving his lifetime of supervised release. Shortly thereafter, he relocated to Puerto Rico,

Case 3:16-cr-00244-GAG   Document 24   Filed 11/21/19   Page 2 of 12

*United States v. Terrence John McGovern, Jr.,*                                                                2
Crim. No. 16-244 (GAG)

and on April 14, 2016, the case was transferred to the District of Puerto Rico for supervision.

On June 18, 2019, McGovern filed a "Motion to Reduce Supervised Release Term in Light of Criteria Approved by the Judicial Conference of the United States" (the "Motion to Reduce SRT"). (Docket No. 5). In his Motion to Reduce SRT, McGovern, now 70 years old, claims that he has complied fully with all of the conditions imposed at sentencing, including the payment of a fine of $12,500; he has successfully completed psychosexual treatment with the Ethos Program; and he has even passed a polygraph exam. For that reason, among others, he now requests that his life-term of supervised release be reduced to just five (5) years.

On June 21, 2019, the United States field a Response in Opposition to the Motion to Reduce SRT (the "Response in Opposition"). (Docket No. 8). In its Response in Opposition, the United States argued that, given the seriousness of the crime, too little time has passed to revisit the issue of a reduction of the defendant's supervised release term.

Later that same day, by way of a docket entry order, the Court denied the defendant's Motion to Reduce SRT, holding that,

> [a]lthough this case has been transferred to this district for supervision, the early termination matter which is contested should be addressed by the sentencing judge, Hon. Gary Allen Feess of the Central District of California. Accordingly, the matter shall be requested by filing in the criminal case before him. What is in this district is solely the matter of supervision.

(Docket No. 11.)

On July 2, 2019, in response to the Court's denial of his Motion to Reduce SRT, McGovern filed a Motion for Reconsideration (the "Motion for Reconsideration"). (Docket No. 13). McGovern's Motion for Reconsideration was based, in large part, on the fact that Title 18, *United States Code*, Section 3605, specifically provides that "[a] court to which jurisdiction is transferred under this section is authorized to exercise *all powers* over the probationer or

Case 3:16-cr-00244-GAG Document 24 Filed 11/21/19 Page 3 of 12

*United States v. Terrence John McGovern, Jr.,* 3
Crim. No. 16-244 (GAG)

releasee that are permitted by this subchapter or subchapter B or D of chapter 227" (among the many sections contained in subchapter D, § 3583 provides for the inclusion of a term of supervised release after imprisonment). (Emphasis added). In other words, Section 3605 does not limit the Court's power to simply ruling on matters related to supervision. Instead, by its own dictates, this Court's power includes ruling on such matters as the defendant's request to reduce his supervised release term. *Id.*

On July 23, 2019, the United States filed a Response in Opposition to the Motion for Reconsideration (the "Opposition to Motion to Reconsider"). (Docket No. 16). Citing to the legislative history of § 3605 from 1984, the Government recognized that it is within the Court's discretion whether or not to grant a reduction in a defendant's supervised release term imposed by a different district, but because so little time has passed since his supervised release began, it argues that the Court should deny his petition on the grounds that "[t]ermination at such an early juncture would be extremely premature and could potentially endanger the public, especially exploited children." (Docket No. 16 at 3).

On July 26, 2019, the Court granted McGovern's Motion for Reconsideration, noting that "Judge Gary Allan Feess of the Central District of California retired in 2015." "So the matter of him addressing the issue [of reducing supervised release] is moot." (Docket No. 19). Accordingly, the Court decided that it would "retain jurisdiction over the matter of early termination of supervised release." It then referred the matter of the defendant's petition to reduce his supervised release to the undersigned magistrate judge for a report and recommendation, and the holding of a hearing or a conference with the parties, if necessary. *Id.*

Case 3:16-cr-00244-GAG   Document 24   Filed 11/21/19   Page 4 of 12

*United States v. Terrence John McGovern, Jr.,*  4
Crim. No. 16-244 (GAG)

**II.   Analysis**

Title 18, *United States Code*, Section 3583(e)(1), entitled "Modification of conditions or revocation," provides that "the court may, after considering the factors set forth in Section 3553, terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. §3583(e)(1).

Section 3564(c), entitled "Running of a term of probation," provides, moreover, that

> The court, after considering the factors set forth in section 3553(a) . . . may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

Citing to certain criteria purportedly endorsed by the Judicial Conference of the United States[1] to determine whether early termination would be suitable for a particular probationer, McGovern claims that he complies with each and every one, namely:

- stable community reintegration (e.g. residence, family, employment);

- progressive strides toward supervision objectives and in compliance with all conditions of supervision;

- no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

- no history of violence (e.g. sexually assaultive, predatory behavior, or domestic violence);

---

[1] The Government did not object to the defendant's reliance on the criteria endorsed by the Judicial Conference. Accordingly, the Court will give them all necessary weight in resolving this matter.

Case 3:16-cr-00244-GAG   Document 24   Filed 11/21/19   Page 5 of 12

*United States v. Terrence John McGovern, Jr.,*   5
Crim. No. 16-244 (GAG)

- no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
- no recent evidence of alcohol or drug abuse;
- no recent psychiatric episodes;
- no identifiable risk to the safety of any identifiable victim;
- no identifiable risk to public safety based on the Risk Prediction Index.

Paramount to the Court's determination of whether or not to exercise its discretion to reduce the defendant's supervised release term is a clear understanding of 1) the facts surrounding the offense conduct, 2) what, if anything, did Judge Gary Allan Feess in California base his decision to sentence the defendant to a lifetime of supervised release, and 3) what specific conditions will be affected by a reduction, and ultimately an early termination, of defendant's supervised release. The Court will address each of these matters *seriatim*.

### A. Offense Conduct in Crim. No. 11-133 (GAF)[2]

In April 2007, ICE agents learned that an individual in Michigan was distributing child pornography through the internet. In the course of their investigation, agents identified others who shared child pornography with this individual including someone using an internet protocol address associated with McGovern.

On June 22, 2009, McGovern arrived at the Los Angeles International Airport (LAX) from Mexico. As McGovern was a suspected possessor of child pornography, he was referred to secondary inspection upon arrival. During the inspection, a Customs and Border Patrol (CBP) officer discovered a laptop, a USB external hard drive, six recordable CD's, a camera phone, an iPod and a camera containing a memory card. The CBP officer contacted an ICE agent for follow-up investigation and to interview McGovern. After the interview, the

---

[2] The description of the offense conduct, included herein, comes from the Presentence Report (see docket no. 31 at 5-6 in Crim. No. 11-133 (GAF)), which the sentencing court adopted "as the basis upon which to impose a sentence in this case." (Docket No. 21 at 19 in Crim. No. 11-133 (GAF)).

Case 3:16-cr-00244-GAG   Document 24   Filed 11/21/19   Page 6 of 12

*United States v. Terrence John McGovern, Jr.,*  6
Crim. No. 16-244 (GAG)

ICE agent decided to seize McGovern's laptop, external hard drive, and memory card for further analysis.

A cursory examination of the external hard drive and the laptop revealed several images of a prepubescent female engaging in a variety of sexually explicit conduct alone and with an adult male. After discovering those images, the forensic examination was halted, and a search warrant was obtained. Execution of the search warrant by forensic examiners uncovered approximately 5,000 images and approximately 140 video files "relevant to the search warrant." Of those images, approximately 2,105 images and 60 videos were considered to be child pornography. Agents also found evidence of file sharing programs on the laptop.

On September 28, 2009, ICE agents learned that Mexican law enforcement, pursuant to a separate investigation, had executed a search warrant at a home in Zihuatanejo, Guerrero, Mexico, where McGovern was known to stay. During the search, officers found approximately seven images of suspected child pornography on a CD, bank statements in McGovern's name and passports in the names of two other individuals.

On October 19, 2009, ICE agents learned that the McGovern had, in fact, been indicted in Mexico for possession of child pornography. On November 10, 2009, McGovern was arrested by Mexican authorities after arriving at the airport in Zihuatanejo.

On February 15, 2011, a grand jury in the Central District of California returned a two-count indictment against McGovern charging him with one count of Transportation of Child Pornography, in violation of Title 18, *United States Code*, Section 2252A(a)(1) (count one), and Possession of Child Pornography, in violation of Title 18, *United States Code*, Section 2252A(a)(5)(B) (count two).

In a written plea agreement, the parties agreed to the following sentencing guideline calculation. The calculation started with a base offense level of 18, pursuant to U.S.S.G. § 2G2.2(a)(1). A two-level increase was added because one or more of the images involved a victim under the age of 12. A

Case 3:16-cr-00244-GAG   Document 24   Filed 11/21/19   Page 7 of 12

*United States v. Terrence John McGovern, Jr.,*   7
Crim. No. 16-244 (GAG)

four-level increase was added because the images contained material portraying sadistic or masochistic conduct. A two-level increase was added due to the defendant's use of a computer. And finally, a five-level increase was added because the defendant admitted to possessing more than 600 images of child pornography. After subtracting three levels for the defendant's timely acceptance of responsibility, the total adjusted offense level under the guidelines was 28, which, given a Criminal History Category of I, yielded a recommended sentencing guideline range of between 78 and 97 months. (Docket 31 at 3 in Crim. No. 11-133 (GAF)).

Then, notwithstanding the stipulated guideline range in the plea agreement, the government agreed, among other things, to recommend a sentence at the lower end of the applicable guideline range, provided the offense level calculated by the court was 24 or higher, and to dismiss Count One of the Indictment. The defendant meanwhile agreed to limit his right to appeal and to make full restitution to any identified victims.

### B.  The Sentencing Hearing

On October 15, 2012, the court convened the matter for sentencing. At the beginning of the hearing, the court summarized its understanding of the facts:

> The defendant is a 62-year-old man or at least at the time he was 62. He may be 63 now. . . He was found in possession of child pornography on his laptop computer. It contained images which were obviously child pornography. Some of them even sadomasochistic in nature and at least one of them involved a toddler aged three in an attempted sex act with an adult male. The laptop contains 600 images of child pornography. Some of the images are in videos. The majority, I believe, are still images. (Docket 21 at 5-6 in Crim. No. 11-133 (GAF)).

Case 3:16-cr-00244-GAG   Document 24   Filed 11/21/19   Page 8 of 12

*United States v. Terrence John McGovern, Jr.,* 8
Crim. No. 16-244 (GAG)

The court then summarized the guideline calculation in the presentence report, which recommended a guideline range of between 78 and 97 months. *Id.* at 7. It then recognized that neither party agreed that that guideline range was appropriate given the facts of the case. *Id.* In terms of recommendations, the government requested a downward departure to a sentence of 48 months, while the defendant requested a sentence of incarceration of a year and a day. *Id.* at 8.

The court then commented as follows:

> I agree with the parties that the guideline range is too high and that it would be an unnecessarily punitive sentence to impose even at the low end of the guideline range.
>
> I even believe that 48 months may be on the high side, but I think a year and a day fails to take into account the nature and circumstances of the offense.
>
> The basic reason that I see this as a case that should be below 78 months at the outset is based on the history and characteristics of the defendant who has no criminal record, has had a productive work life, stable marital relationship at the present time, appears to have some gained some [sic] insight into his behavior, does have strong ties with at least with [sic] some of his family members, and, **most significantly, has not and doesn't appear to have any interest in having actual contact with children.** *Id.* at 8. (Emphasis added.)

*Id.*

Then, in response to defense counsel's remarks about defendant's successful post-arrest treatment, the court commented that,

> I don't think that public safety, which is one of the 3553(a) factors, is seriously in question in this case. I think there are other elements of 3553(a) that weigh more heavily on my mind than the risk that he's going to reoffend. **I think it's unlikely that he will reoffend**. (Emphasis added).

*Id.* at 11.

Case 3:16-cr-00244-GAG    Document 24    Filed 11/21/19    Page 9 of 12

*United States v. Terrence John McGovern, Jr.,*  9
Crim. No. 16-244 (GAG)

After defense counsel concluded his remarks and the defendant himself finished his allocution, the court explained its sentence:

> The history and characteristics of the defendant, again as I've already noted but will repeat, are critical to my willingness to significantly depart from the guidelines. . . **There is no indication that he has ever in the past or has any interest in actually engaging in any of the kinds of conduct that is reflected in the images which were found on his computer**. . . **[T]he protection of the public from further crimes I think is not a factor here and, again, is another reason why I'm willing to significantly depart from the guideline range** . . . So it's my determination that what's appropriate in this case is a sentence of 30 months and that is the sentence that I will impose. (Emphasis added).

*Id.* at 20-22.

After declaring McGovern's sentence as to Count Two of the Indictment, the court stated that, "[u]pon release the defendant shall be placed on supervised release for life under the following terms and conditions . . ." There was no further comment by the court with respect to supervised release nor any explanation why the court felt that a life-term was necessary or appropriate.

### C. Relevant conditions that would be eliminated by early termination of defendant's supervised release

In determining whether or not to grant defendant's request to reduce his supervised release term from that of life to just 5 years, it is important for the Court to understand the practical effect it will have on both the defendant and on society by removing the terms and conditions of his supervision. Without rehashing all of the terms and conditions imposed by the court at sentencing, the following are a few of the most important conditions that will be affected by a reduction in his supervised release term:

Case 3:16-cr-00244-GAG   Document 24   Filed 11/21/19   Page 10 of 12

*United States v. Terrence John McGovern, Jr.,*     10
Crim. No. 16-244 (GAG)

1. Defendant shall register as a sex offender (this condition will remain notwithstanding a reduction);

2. Defendant shall participate in a psychological or psychiatric treatment program as approved by the probation officer (this condition has likely already been fulfilled through the Ethos Program);

3. Defendant shall not possess any child pornography (this condition merely requires compliance with the law);

4. Defendant shall not own, use, or have access to the services of any commercial mail receiving agency nor shall he open or maintain a post office box without prior approval of the probation officer;

5. Defendant shall no loiter within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities or other places primarily used by persons under the age of 18;

6. Defendant shall not associate or have verbal, written, telephonic or electronic communication with any person under the age of 18 years, except for a few limited exceptions.

7. Defendant shall not affiliate or volunteer with any business or organization that causes him to regularly contact persons under the age of 18;

8. Defendant's employment shall be approved by the probation officer;

9. Defendant shall possess only those computers and computer related devices, screen usernames, passwords, email accounts, etc. that have disclosed to the probation officer;

10. All of defendant's personal (not work) computers and computer-related devices will be subject to seizure; and

Case 3:16-cr-00244-GAG Document 24 Filed 11/21/19 Page 11 of 12

*United States v. Terrence John McGovern, Jr.,* 11
Crim. No. 16-244 (GAG)

> 11. Defendant shall submit to a search at any time with or without a warrant by any law enforcement or probation officer of his person or his residence, vehicle, papers, devices, etc. upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct.

### D. The Court's recommendation

Given the Court's comprehensive summary of the record in this case, it now finds itself in the position of having to consider whether or not to reduce the defendant's lifetime sentence of supervised release that was duly imposed by Judge Feess in the Central District of California. While this Court did not participate in any way in the proceedings leading up to the defendant's sentence, this Court is certainly aided by having access to both the Presentence Report and the transcript from the sentencing hearing held before Judge Feess in California.

What is clear from the record is that Judge Feess agreed with the parties that the facts and circumstances of this case merited a substantial downward variance from the applicable sentencing guidelines. Judge Feess also went out of his way to mention that, in his opinion, the defendant had not and would not act out on any of the conduct depicted in the contraband images. He also firmly believed that the defendant would not reoffend. Indeed, Judge Feess specifically mentioned that "protection of the public from further crimes" was not a factor to be concerned with in this case. This Court affords full deference to the sentencing court's factual determinations and opinions.

For that reason, the record in this case seems to contradict the statement made by the Government in its Opposition to Motion to Reconsider that early termination "could potentially endanger the public, especially exploited children." (Docket 16 at 3).

Case 3:16-cr-00244-GAG   Document 24   Filed 11/21/19   Page 12 of 12

*United States v. Terrence John McGovern, Jr.,*   12
Crim. No. 16-244 (GAG)

The Government is correct, however, in noting that this District rarely imposes life sentences for supervised release. Indeed, a review of the record in this case provides scarcely little evidence to support why a life sentence for supervised release was imposed on this defendant in the first place.

Moreover, the Court notes that even if the defendant's supervised release is terminated early, he will nevertheless have to continue to register as a sex offender for a period of at least 15 years from the date of his release from prison. In addition, a review of the specific conditions that would be terminated together with an early termination of his supervised release causes no particular concern to the Court given the fact that most conditions require defendant's continued compliance with the law.

It is for that reason, that given his age, his lack of criminal history, his successful adjustment to treatment, his successful rehabilitation overall and the complete lack of support in the record for a lifetime sentence of supervised release, reduction of defendant's supervised release term is warranted by both the conduct of the defendant and the interests of justice. Accordingly, the Court hereby recommends that the defendant's life-term of supervised release be reduced to a term of five (5) years.

### III.     Conclusion

Based on the above, the Court hereby recommends that McGovern's Motion to Reduce SRT be **GRANTED,** and that his sentence be modified to reduce his supervised release from a term of life to a term of five (5) years.

**IT IS SO RECOMMENDED.**

The parties have fourteen days to file any objections to this Report and Recommendation. Failure to file the same within the specified time waives the right to appeal this Report and Recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 21st day of November 2019.

*s/Marshal D. Morgan*
MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE